UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-00626-H

VERNON MERRIWEATHER,
        Plaintiff,

v.

RADIO SHACK,
        Defendant.

**ORDER**

This matter is before the court upon defendant's Motion to Compel Initial Disclosures and Discovery Responses and for Sanctions [DE # 19]. No response was filed, and the motion is ripe for decision.

### BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis* [DE # 1, 3], filed a complaint against defendant alleging employment discrimination [DE # 4]. On February 2, 2012, the Order for Discovery Plan was issued to the parties [DE # 15], and the parties submitted individual plans for discovery [DE # 16, 17]. On March 28, 2012, the court entered a Scheduling Order [DE # 18].

On March 5, 2012, defendant served plaintiff with Defendant's First Set of Interrogatories and First Request for Production of Documents to Plaintiff. Plaintiff did not timely

respond, and defendant, by letter dated April 11, 2012, requested that plaintiff respond no later than April 25, 2012. On April 25, 2012, plaintiff emailed his own discovery requests to defendant's counsel, but did not respond to defendant's discovery requests. On May 1, 2012, defendant filed the instant motion to compel plaintiff's responses to the discovery requests and for sanctions. Plaintiff has not responded to the motion.

## COURT'S DISCUSSION

Rule 26(a)(1) of the Federal Rules of Civil Procedure requires a party to automatically make certain enumerated disclosures to the other parties. Rule 26(b)(1) states in relevant part that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to any party's claim or defense. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). For discovery purposes, information is relevant if it "appears reasonably calculated to lead to the discovery of admissible evidence." Id. Rule 37(a)(3)(B) allows the filing of a motion to compel where a party fails to make initial disclosures or to answer discovery requests. Fed. R. Civ. P. 37(a)(3)(A),(B).

Plaintiff failed to make his Rule 26(a)(1) initial disclosures in conformity with the court's Order for Discovery

Plan and Scheduling Order. Plaintiff also failed to respond to defendant's discovery requests. Defendant has attached a copy of the discovery requests to its motion (Def.'s Mot. [DE #20-1] Ex. 1), and the court deems them reasonably calculated to lead to the discovery of admissible evidence. Moreover, plaintiff's failure to respond to either the discovery requests or the motion to compel constitutes a failure to state a timely objection to the discovery requests, and any objections plaintiff may have had are now deemed waived. Fed. R. Civ. P. 33(b)(4); <u>Thompson v. Navistar, Inc.</u>, No. 5:10-CV-127-FL, 2011 WL 2198848, at *2 (E.D.N.C. June 6, 2011) (concluding that failure to provide the court with justification for not responding to discovery constituted waiver of any potential objection to the discovery requests). Accordingly, plaintiff is **ORDERED** to make his Rule 26(a)(1) initial disclosures and to fully respond to Defendant's First Set of Interrogatories and First Request for Production of Documents to Plaintiff no later than **October 12, 2012**.

Defendant also asks the court to impose financial sanctions on plaintiff for failure to respond to the discovery requests. The Federal Rules provide for both an award of expenses where a motion to compel is granted and/or other sanctions for failure to respond to discovery requests. Fed. R. Civ. P. 37(a)(5),

(d). Accordingly, plaintiff is **ORDERED TO SHOW CAUSE** in writing to the court no later than **October 5, 2012**, why he should not have to pay the reasonable expenses, including attorney's fees, that defendant incurred in filing the instant motion to compel.

Plaintiff is cautioned that a failure to comply with this order may result in sanctions, including dismissal of this action, in addition to any award of costs.

### CONCLUSION

Defendant's motion to compel [DE # 19] is **GRANTED**, and plaintiff is **ORDERED** to make his Rule 26(a)(1) initial disclosures and to fully respond to Defendant's First Set of Interrogatories and First Request for Production of Documents to Plaintiff no later than **October 12, 2012**. Further, plaintiff is **ORDERED TO SHOW CAUSE** in writing to the court no later than **October 5, 2012**, why he should not have to pay the reasonable expenses, including attorney's fees, that defendant incurred in filing the instant motion to compel.

This the 1st day of October 2012.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville
bb